**VIRGIN ISLANDS URBAN RENEWAL BOARD, Appellant,**

v.

**17,214 SQUARE FEET OF LAND, Consisting of Parcels Nos. 6 Taarneberg, 14 Taarneberg, 24 Taarneberg and 5 Madamberg, St. Thomas, V.I., etc.**

No. 84–3307.

United States Court of Appeals,
Third Circuit.

Argued Dec. 5, 1984.

Decided Jan. 31, 1985.

Diane Martin Pomper (Argued), Cooper & Pomper, P.C., St. Thomas, V.I., for appellees, Alfred A. Smith and Estate of Florence Hendricks Bachelor.

Roy E. Parrott (Argued), Asst. Atty. Gen., St. Thomas, V.I., for appellant.

Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

Virgin Islands Urban Renewal Board appeals from a judgment fixing the amount of compensation it must pay for the acquisition by condemnation of a parcel of real estate, Parcel 5 Madamberg. The condemning authority contends that the judgment for $37,032.90 is excessive by $5,000 because it includes compensation for a part of Parcel 5 not owned by the claimants. Because, on this record, we are unable to determine the basis for the award, we remand for clarification.

On July 30, 1979, the Board, pursuant to V.I.Code Ann. tit. 28, § 416(a) (1975), filed in the District Court of the Virgin Islands an action for condemnation of four parcels of real property located in St. Thomas. One of those parcels is described as "Parcel No. 5 Madamberg, King's Quarter, St. Thomas, Virgin Islands as more fully described on PWD Map file No. C9–212–T76 attached hereto as Exhibit E and made a part hereof." Complaint, p. 2. No such map is attached to the complaint on file with the court. It is, however, attached as an exhibit to the commissioners' report on valuation referred to hereinafter. The complaint alleges that the Board estimates just compensation for Parcel No. 5 to be $29,760.37. Complaint, p. 2. The Board estimates that the aggregate value of the other three parcels is $11,618.35, for a total of $41,378.72. Complaint, p. 2.

The July 30, 1979 complaint alleges:

The record owner of Parcel No. 5 Madamberg is Florence Hendricks a/k/a Florence Hendricks Bachelor who upon information and belief is deceased. Claimants to this property are Frank Smith who upon information and belief is deceased and Alfred Smith.

Complaint, p. 2.

On September 27, 1979, the Board filed an amended complaint, which alleges:

The record owner of Parcel No. 5 Madamberg is Florence Hendricks Bachelor who upon information and belief is deceased. Claimants to this property are Frank Smith who upon information and belief is deceased, and Alfred Smith. The defendant Alvin S. Hodge claims an easement across this property.

Thus, the amended complaint for the first time refers to an easement across the property owned by someone other than the heirs or devisees of Florence Hendricks Bachelor. The amended complaint does not otherwise describe the easement.

Before the amended complaint was filed, the district court entered an order, pursuant to V.I.Code Ann. tit. 28, § 420 (1975), vesting title to the four parcels in the Board because the Board had paid into the registry of the court its $41,378.72 estimate of just compensation. The order vesting title describes the parcel at issue in this appeal simply as "Parcel No. 5 Madamberg, Kings Quarter, St. Thomas, Virgin Islands." It contains no metes and bounds description, no reference to any map, and no reference to any easement. The order also provides that "... the action is to continue in due course as to the lands described above, ... for the fixing of awards and the adjudication of the rights of all parties defendant in said cause." Order, August 20, 1979, p. 2.

The court ordered service by publication. Alfred A. Smith, the brother of Florence Hendricks Bachelor, appeared in the action on his own behalf and as administrator of the estates of others interested in Parcel No. 5, and moved, pursuant to V.I. Code Ann. tit. 28, § 418(a)(1) (1975), for the appointment of commissioners to determine the issue of just compensation. On January 5, 1982, the court appointed commissioners, and ordered that

Defendant, ALFRED A. SMITH, may prove the value of the following parcels of land involved in the taking:

Parcel No. 5 Madamberg, Kings Quarter, St. Thomas, Virgin Islands, with the contiguous Lot 355 Hospital Ground, Kings Quarter, St. Thomas, Virgin Islands;

\* \* \* \* \* \*

it being understood that this authority to submit evidence and proof of the value of the land taken is not a determination of ownership, but that separate claim must be made for distribution of whatever award may be granted in this proceeding for the value of said parcels.

The court also issued detailed instructions to the commissioners. They were instructed that "[t]he compensation to which the property owner is entitled is the fair market value of the property being taken [as of July 27, 1979] and where the property being taken is part of a larger parcel, the damages, if any, to the remainder, called [sic] severence damages." January 6, 1981 Order, p. 4. They were also instructed that "[i]n case two or more parties are named as defendants, you should not permit evidence to be introduced concerning the merits of any title dispute between the defendants ...." *Id.*

The commissioners set the matter for hearing, at which an attorney, Mr. Pallme, represented Alfred A. Smith's claim in Parcel No. 5. Also present was Alvin Hodge, whom the commissioners described in their report as "the owner of Parcel # 5A, Estate Madamberg." Commission Report, p.l. Parcel 5A is a parcel not subject to condemnation, but without access except over Parcel 5, the parcel over which Mr. Hodge claims an easement.

The commissioners reported with respect to Parcel No. 5:

"At the April 27th hearing Attorney Pallme made the Commission aware of the fact that since his April 13, 1982 letter he had learned that his client's predecessor in title, Florence Hendricks Bachelor, had been judicially determined to be incompetent and a guardian appointed by order of court dated October 30, 1969 (Claimant Smith's Exhibit # 2). Attorney Pallme further represented it was his belief that Mrs. Bachelor and the Government of the Virgin Islands had entered to [sic] an agreement

whereby the Government would exchange a parcel of land equal to the area to be taken by the Government for the construction of a road through Parcel #5 Estate Madamberg and that this contemplated exchange was represented by the map identified as Claimant Smith's Exhibit #1, Public Works Map G3–137–T71 which map bears the notation revised April 25, 1973. This map, hereinafter referred to as the 1971 map, shows a lot numbered 355 Estate Hospital Ground consisting of an area of 1,825 square feet as well as a lot identified as #5B Estate Madamberg with the same square footage. Lot #5B is drawn as the area where the road presently bisects Parcel #5. Additionally, Attorney Pallme represented to the Commission that the owners of Parcel #1A Estate Madamberg which adjoins also entered into an agreement such as that allegedly contemplated by owner of Parcel #5 wherein a portion of Parcel #1A was exchanged for Parcel #354 Estate Hospital Ground with a portion of Lot #1A being taken by the Government of the Virgin Islands for the purposes of the construction of the road. In this regard Attorney Pallme introduced what was identified as claimant Smith's Exhibit #3 being Bill #5334, Act 3200 approved March 30, 1972 which legislation authorized the Governor to make the exchange described above relating to Parcel #1A Estate Madamberg. It was Attorney Pallme's representation to the Commission that the proposed exchange of Parcel #5B Estate Madamberg for Lot #355 Estate Hospital Ground never occurred by reason of Mrs. Bachelor's incompetence.

"The Commission, cognizant of the fact that it had neither the authority or the expertise to explore any of the issues relating to either the ownership of, or indeed the physical description of, the portion of Lot #5 Estate Madamberg which forms the road bisecting the property, suggested to counsel that it would explore the values of the most likely possible outcomes in anticipation of the matter being presented to the District Court for resolution of the issues of ownership and the rights of those involved. In this regard it was initially stipulated that as to Parcel #5 Estate Madamberg the road as shown on Exhibit D to plaintiff's complaint, the map identified as C9–212–T76 drawn by Raphael Lopez de Azua and referred to in the appraisals relied upon by the Government, most accurately reflected the actual condition of the property as viewed by the Commissioners on April 1, 1982. In this regard it was noted that the access road (Lot #5B) as it bisects Lot #5 divides the lot into a northern and southern portion. However, in the southern portion the access road does not extend all the way to the boundary line of Lot #5A the lot lived on and owned by Mr. Alvin Hodge. Mr. Hodge's representations to the Commission were that he seeks only to have continued and uninterrupted access to his property along the access route as he has always had. Additionally, he stated that this easement or right-of-access is his sole means of access to the property. In order to avoid the obvious problems that would result from not having an actual survey and description of the easement relied on by Mr. Hodge, as well as to avoid the claim which would inevitably be pressed by Mr. Hodge were he to lose his rights over Lot #5 Estate Madamberg for the purpose of access to Lot #5A, a stipulation and agreement was entered into which allowed the Commission to continue to consider the matters of value. This stipulation consisted of an agreement by Mr. Parrott on behalf of the plaintiff to continue and to assure an easement to be more fully and carefully described and made of record in favor of Lot #5A over Parcel #5 which easement would, to the extent necessary, extend from the access road, Lot #5B, to Lot #5A. Mr. Hodge stated that this was all that he sought. Further, Attorney Pallme on behalf of his client stated that he would recognize not only the pre-existing easement over Lot #5 in favor of the owners Lot #5A, which he stated was an easement required by necessity at the time of the conveyance of #5A by the owners of Lot #5, his predecessors in title, but that he would further stipulate that this easement would in no way affect ei-

ther positively or negatively any question as to the value of Lot # 5 in its entirety or the southern portion of Lot # 5 if taken separately. Thus the Commission felt it had achieved an agreement that would allow it to determine value without the need for a survey of the easement that was being taken by plaintiff from Mr. Alvin Hodge, because this easement was being restored and recognized by plaintiff in favor of Mr. Hodge, while the landowner of Parcel # 5B declared the easement to have no effect on the value of the property being taken.

"Over the objection of Mr. Parrott, it was decided that as to the Madamberg parcel (or parcels) he would establish value of Lot # 5 as shown on Exhibit D, and that Attorney Pallme would then go forward to establish a value of Lot # 5 under two alternative scenarios. The first of these was the value of Lot # 5 in the absence of any access road and under the assumption that it was one undivided parcel. The second scenario was one in which there was an exchange of property by the Government of the Virgin Islands granting to the owners of Lot # 5 Estate Madamberg a contiguous portion of land to the north in the Hospital Ground equal in size to the area of the access road. In this regard it was noted that the 1971 map indicated an area of 1,825 square feet as being the area of Lot # 5B Estate Madamberg (the access road) whereas the 1976 map (Exhibit D of the complaint) showed the access road as consisting of 2,491.6166 square feet. Attorney Pallme was asked to introduce evidence to establish the value of Lot # 5 were the owners of Lot # 5 to be left only with an additional adjoining parcel (one assumes to be ennumerated [sic] as Lot # 355 Estate Hospital Ground) consisting of either 1,825 square feet or 2,491 square feet.

"The Commission has gone through this range of possible outcomes and the values to be affixed in each event in order to avoid having to be reconvened at the call of the District Court if and when the Court is presented with the issues of ownerships of Lot # 5B Estate Madamberg as well as the alleged agreement to exchange an area

equal to that taken for the road with the owners of Lot # 5 Estate Madamberg. To the extent that this later exchange was contemplated, a taking of only Lot # 5 at the present time would present a severance damage claim which was explored by the Commission."

The Commission then reviewed the evidence on valuation and made the following determinations with respect to Parcel 5:

"A. Lot # 5 (Northern & Southern portion) as shown on PWD map C9–212–T76 (Exhibit D) including structures: $32,573.03;

"B. Lot # 5 Estate Madamberg, including structures, but absent any access road on or through the property: $37,032.90;

"C. Estate Madamberg # 5 as shown on Exhibit D but including severance damages resulting from the owners remaining with the contiguous adjoining parcel in Estate Hospital Ground of 1,825 square feet, $37,737.78; of 2,491.6 square feet, $39,624.32."

These values were predicated on the assumption that there was an easement over Lot 5 in favor of the owner of Lot 5A, Mr. Hodge, and the stipulation with the Board that this easement would not affect value.

We understand the Commission's value determination to be as follows:

A. If the Government of the Virgin Islands lawfully acquired a road easement traversing Parcel No. 5 and Mrs. Bachelor did not own the adjoining parcel in Estate Hospital Ground, $32,573.03.

B. If the Government of the Virgin Islands has not lawfully acquired the road easement, and Mrs. Bachelor did not own the adjoining parcel in Estate Hospital Ground, $37,032.90.

C. If the Government of the Virgin Islands has not lawfully acquired the road easement, and Mrs. Bachelor did own the adjoining parcel in Estate Hospital Ground, either $37,737.78 or $39,624.32, depending upon the size of the Estate Hospital Ground parcel.

The third alternative includes an award of severence damages pursuant to V.I.Code Ann. tit. 28, § 419(2) (1975).

When the commissioners filed their report, Mr. Smith moved that the court confirm it and award $37,032.90 to the Estate of Florence Hendricks Bachelor for Parcel No. 5. The memorandum in support of that motion states that the transaction whereby the Government of the Virgin Islands was to acquire a road easement over Parcel 5 in exchange for a parcel in Estate Hospital Ground was never consummated, because Mrs. Bachelor, the owner, was adjudicated to be incompetent. The claimants therefore were not subject to severance damages, Smith urged, and the government did not own the road easement. Thus the proper award was $37,032.90. But the Board opposed any award in excess of $32,-573.03, contending that title to the road easement was in "someone other than the record owner or the distributees." Memorandum filed in response to Mr. Smith's motion. No party filed any affidavits. The district court docket discloses that no hearing was held on the motion. On May 11, 1983 the district court entered an order confirming an award of $37,032.90 with respect to Parcel No. 5. The order recites:

> There is sufficient evidence on this record to conclude that as of the relevant date, Smith's predecessor in title to the Madamberg property, Florence Hendricks Bachelor, held title to the entire parcel unencumbered by an easement. Accordingly, the Court accepts the second alternative valuation for Number 5 Madamberg proposed by the Commission ($37,032.90).

From this order the Board appeals.

The court's reference to the parcel being unencumbered by an easement is, we presume, a reference to a road easement claimed by the Government of the Virgin Islands, not a reference to the easement in favor of Mr. Hodge to which the Board and the claimants had stipulated. The reference to "evidence on this record" of the absence of a road easement, however, presents us with a puzzle. The commis-sioners did not take evidence on that issue. Indeed, their instructions forbade them from resolving title questions. At best there is attorney Pallme's representation to them about the state of the title. No hearing was held in the trial court and no affidavits were filed; thus, no evidence was submitted on title to a road easement.

Both parties represent to this court that, as alleged in the amended complaint, the record title shows no conveyance from the late Mrs. Bachelor. It is possible that the court's reference to "this record" is intended to refer to the record title rather than to the record in this condemnation proceeding. We assume that the court, on the basis of the complaint, could proceed on the assumption that record title remained in Mrs. Bachelor. The Board, however, contends that it can show that the actual title is other than that appearing of record.

If the Board were offered an opportunity to establish that there are unrecorded instruments, which cast doubt upon the record title, and it simply failed to present any evidence on that issue, it is clear to us that the award of $37,032.90 should stand since the record title would be undisputed. However, because of the record's condition, we are unable to tell whether the Board had such an opportunity and waived it. Absent such waiver, the Board should have the opportunity to offer evidence to show that the Government of the Virgin Islands lawfully acquired a road easement over Parcel No. 5 prior to the condemnation. If it can be established that the government lawfully acquired such an easement, the award should be $32,573.03. Mr. Smith's motion to confirm the award appears to concede that Mrs. Bachelor did not own a parcel in Estate Hospital Ground, and thus is not entitled to severance damages. However, it may be that the Board will produce evidence of an unrecorded conveyance to Mrs. Bachelor of a parcel in Estate Hospital Ground. In that event severance damages may be appropriate.

The judgment appealed from, therefore, will be vacated and the case remanded for further proceedings. The district court

may: (1) conclude that the Board waived any claim to go behind the record title, but must state the basis for such a waiver, in which case the judgment for $37,032.90 should be reinstated; or (2) afford the Board an opportunity to produce evidence impeaching the record title, and then make findings on the title issues. Each party to this appeal shall bear its or his own costs.